IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANYELINA TAVAREZ JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | Civil Action<br>File No.: |

### PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Dollar Tree Stores, Inc. by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia, designated as Civil Action File No.: 21-C-04290-S4.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on June 15, 2021. Defendant was served on June 11, 2021. Thus, Dollar Tree timely files this Petition for Removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. §1446. (Attached hereto as **Exhibit "A"**).

4. Defendant Dollar Tree is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

5. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Plaintiff has filed suit against Dollar Tree alleging negligent regarding Plaintiff's personal injury claiming damages for past, present, and future medical expenses, pain and suffering and possible lost wages. (Complaint, ¶9). Specifically, Plaintiff claims at least $21,385.80 in past medical expenses. Id.  Prior to initiating the instant lawsuit, Plaintiff made a settlement demand for $106,929.00 (Attached as **Exhibit "B"**).

While the demand letter does not state the specific injuries suffered by Plaintiff, the medical records submitted with the demand package show that Plaintiff was transported by EMS to the hospital after the incident where she complained of right arm and shoulder pain, left calf pain, and mid and lower back pain. Plaintiff then sought extensive follow-up chiropractic care with Gwinnett Medical Back and Neck Pain Clinic. A cervical MRI later reveals disc bulges from C3-C6, and a lumber MRI shows disc bulges from L3-S1. Plaintiff then undergoes orthopedic care where she is recommended for epidural steroid injections. Plaintiff has not yet received the epidural steroid injections but alleges that she needs future medical treatment.

A settlement offer can constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (holding that settlement offers that provide specific information to support the plaintiff's claim for damages are entitled to more weight because it suggests the plaintiff is offering a reasonable assessment of his claim).

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of <u>Johnson v. Blackburn</u>, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. <u>Id.</u>

Here, Plaintiff has alleged multiple spinal injuries in addition to injuries to her right shoulder that continue to cause her pain and suffering. These allegations are similar to these recent cases, and it is clear that the jurisdictional minimum is met here.

7. Defendant is not citizens of the State in which the State Court action is brought.

8. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

9. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as **Exhibit "C."**

10. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

11. Defendant attaches a copy of the answer it filed in State Court, which is attached hereto as **Exhibit "D."**

This 12th day of July, 2021.

        Goodman McGuffey LLP
        Attorneys for Dollar Tree Stores, Inc.

By:   */s/ James T. Hankins, III*_____
      JAMES T. HANKINS, III
      GA Bar No. 188771
      jhankins@GM-LLP.com
      SAMANTHA M. MULLIS
      GA Bar No. 365592
      smullis@gm-llp.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      (404) 264-1500 Phone
      (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANYELINA TAVAREZ JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Noah S. Rosner, Esq.
Rosner Law Group, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, GA 30350
nrosner@roslang.com

This 12th day of July, 2021.

Page 2

   */s/ James T. Hankins, III*
JAMES T. HANKINS, III
GA Bar No. 188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax