UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANYELINA TAVAREZ JIMENEZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLLAR TREE STORES, INC., )<br>)<br>Defendant. ) | Civil Action File No.<br><br>1:21-CV-02776-CAP |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW**, ANYELINA TAVAREZ JIMENEZ (hereinafter "Plaintiff"), Plaintiff in the above styled matter, by and through her undersigned counsel, and files this Amended Complaint for Damages, showing this Honorable Court as follows:

1.

Named Defendant herein is DOLLAR TREE STORES, INC. (hereinafter "Defendant Dollar"), a foreign for-profit corporation doing business in the State of Georgia. Jurisdiction and venue are proper in this Honorable Court as to Defendant. Service may be perfected by serving its agent for service of process, Corporation Service Company, at the address of 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

EXHIBIT
Exhibit A

2.

On or about August 3, 2020, Plaintiff was an invitee and/or licensee on premises owned, occupied or leased by Defendant Dollar located at 4624 Jimmy Carter Boulevard, Norcross, Georgia 30093. These premises shall hereafter be called "Defendant's premises."

3.

That on or about August 3, 2020, while exercising due care for her own safety, and being unaware of the dangerous conditions negligently created by Defendant, and/or allowed to exist by Defendant, Plaintiff slipped and fell due to an accumulation of water on the floor. The water accumulated due to a steady drip from the ceiling.

4.

Plaintiff had no notice or knowledge of the dangerous condition on Defendant's premises.

5.

At all times relevant herein, Plaintiff was the lawful invitee and/or licensee of the Defendant.

6.

At the time and place of this incident complained of, Defendant Dollar owed the

Plaintiff a duty to maintain its premises in a reasonably safe condition, to correct dangerous conditions of which said Defendant Dollar either knew or should have known, by the use of reasonable care, and to warn Plaintiff of any dangerous conditions concerning which Defendant Dollar had or should have had greater knowledge than Plaintiff.

7.

At all times material hereto, Defendant Dollar had a duty of care to keep the premises above-mentioned in a reasonably safe condition, such that invitees might use them in an ordinary and reasonable way without danger. Defendant Dollar breached its duty in the following ways, any one of which was a departure from the accepted standard of care owed by Defendant to Plaintiff;

(a) In failing to keep the area free of defects or hazards, such as the negligently dripping water that accumulated on the floor;

(b) In failing to warn Plaintiff as to the existence of the above-mentioned conditions;

(c) In refusing to remove and/or repair the dangerous condition despite knowledge of the same;

(d) In failing to take steps to correct the above conditions through proper procedures regarding the dripping water; and

(e) In failing to take steps to prevent the above-described conditions from occurring through a properly executed inspection procedure and/or warning signs.

Defendant is liable to Plaintiff for the above-mentioned acts of negligence.

8.

Subsequent to her injury, Plaintiff requested that store personnel and/or management contact emergency health personnel to be taken to the nearest hospital. However, the manager of the Defendant's premises repeatedly told Plaintiff to "wait", that he had to view the tape of the incident to determine if she was telling the truth about her fall. After approximately one (1) hour of waiting, the store manager came back to Plaintiff, stated he had viewed the tape, told her he was sorry, and EMS personnel were contacted, and Plaintiff was taken to Northside Hospital.

9.

As a direct and proximate result of the above-mentioned negligence and carelessness of Defendant Dollar and/or its employees, Plaintiff slipped and fell and suffered bodily injuries which caused her considerable pain and further caused her to incur medical expenses and possibly lost wages. To date, Plaintiff has incurred medical specials in the amount of $21,385.80, and will likely incur

additional medical expenses in the future. Plaintiff is entitled to recover damages from Defendant Dollar for her medical expenses, pain and suffering, past, present and future, in an amount not to exceed $75,000.

**WHEREFORE**, the Plaintiff demands judgment against the named Defendant, in such amounts as the jury determines will fully and adequately compensate the Plaintiff for medical expenses, pain and suffering, lost wages, expenses of litigation, as well as any and all damages allowable under Georgia law, in an amount not to exceed $75,000. Further, Plaintiff prays that all costs of this action be cast against the Defendant and that the Court award any further relief deemed appropriate under the laws of the State of Georgia.

This 28th day of July, 2021.

                                                Noah S. Rosner, Esq.
                                                Attorney for Plaintiff
                                                Georgia Bar No. 614970

Rosner Law Group, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, Georgia 30350
(770) 408-1223
noahrosner@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANYELINA TAVAREZ JIMENEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | |
| ) | 1:21-CV-02776-CAP |
| DOLLAR TREE STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that the above <u>AMENDED COMPLAINT FOR DAMAGES</u> was filed with the Clerk of Court using CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James T. Hankins, III, Esq.<br>
Samantha M. Mullins, Esq.<br>
Goodman McGuffey, LLP<br>
3340 Peachtree Road, N.E.<br>
Suite 2100<br>
Atlanta, Georgia 30326

I further certify pursuant to Rule 5.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 28th day of July, 2021.

                                              Respectfully submitted,

                                              Noah S. Rosner, Esq.
                                              Attorney for Plaintiff
                                              Georgia Bar No. 614970

Rosner Law Group, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, Georgia 30350
(770) 408-1223
noahrosner@yahoo.com